Filed 1/20/23 In re G.F. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re G.F., A Person Coming Under the Juvenile Court Law. | 2d Juv. No. B321178 (Super. Ct. No. 19JD-00392) (San Luis Obispo County) |
| SAN LUIS OBISPO COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff and Respondent, v. A.W., Defendant and Appellant. | |

A.W. (Mother) appeals an order of the juvenile court denying her Welfare and Institutions Code section 388 modification petition regarding visitation with her minor

daughter, G.F.[1]  We conclude that the court did not abuse its discretion by summarily denying the petition because Mother did not present new evidence or a change of circumstances regarding the court's previous finding of detriment to G.F. by visitation with Mother.  We affirm.

This appeal concerns Mother's post-permanency planning petition to modify the juvenile court's previous finding of detriment precluding visitation with her daughter.  Following nine months of no contact, Mother sought to resume a relationship with her daughter, now approaching adulthood and not desiring a relationship with Mother.

*FACTUAL AND PROCEDURAL HISTORY*

Mother is a parent to G.F., her older sister, and her younger brother.  In 2016, Mother left the children in the care of their father, R.F. (Father).  Father was later incarcerated in prison serving a three-year sentence.  The family law court then issued an order placing G.F. in the care of her paternal uncle and his wife as potential guardians.

In November 2019, G.F. reported that her uncle had been sexually molesting her for nearly a year.  On November 22, 2019, the San Luis Obispo County Department of Social Services (DSS) filed a dependency petition pursuant to section 300, subdivisions (b), (d), and (g).  The petition alleged that Mother was homeless, had mental health issues, and had not protected G.F. from her uncle's sexual abuse.  The petition also alleged that Father was incarcerated and would remain so until October 2020.  At the time of the filing of the petition, G.F.'s two siblings were subjects of dependency proceedings; family reunification services

---

[1] All statutory references are to the Welfare and Institutions Code.

regarding those children were terminated due to the parents' lack of participation.

On November 25, 2019, the juvenile court ordered that G.F. be detained. Among other things, the court ordered weekly supervised visits for Mother with discretion to DSS to increase visitation and allow unsupervised visits.

DSS filed jurisdiction and disposition reports for the March 25, 2020, combined jurisdiction and disposition hearing. DSS recommended that family reunification services be bypassed to Mother and Father pursuant to section 361.5, subdivision (b)(10), and that the juvenile court set a permanent plan hearing regarding G.F. DSS reported that Father was incarcerated for a parole violation. Mother also had been sentenced to county jail for driving a car without consent. DSS stated that Mother informed it that she had already engaged in many years of counseling and did not require additional services.

The juvenile court sustained the allegations of the dependency petition and declared G.F. a dependent of the court. The court also bypassed family reunification services for the parents and set the matter for a permanent plan hearing pursuant to section 366.26. The court ordered monthly supervised visitation to Mother with discretion to DSS to increase visitation and allow unsupervised visits. It also vacated the family law court order granting custody of G.F. to her uncle and his wife.

On July 22, 2020, the juvenile court held a permanent plan hearing. Mother waived her appearance and submitted on the DSS report. G.F. was then living with a non-related extended family and thriving. DSS reported that G.F. and Mother had frequent contact but that their relationship was strained. DSS

3

recommended that G.F. remain in the present planned permanent living arrangement while it examined adoption and guardianship alternatives.

On January 20, 2021, the juvenile court held a post-permanency planning hearing. DSS reported that G.F. and Mother visited frequently and that Mother had completed parent education classes and a drug and alcohol assessment. Mother had requested reinstatement of family reunification services, a request that DSS was considering. DSS recommended that Mother continue with the drug and alcohol services. At the hearing, DSS informed the court that it would support family reunification services after Mother engaged in mental health counseling and drug and alcohol services. The court permitted Mother unsupervised visitation and set a second post-permanency planning hearing for July 2021.

In its report for the second post-permanency planning hearing, DSS recommended that G.F. remain a dependent. DSS reported that Mother was then homeless and had not provided information regarding her counseling or drug and alcohol services. G.F. informed DSS that she feared Mother's mood swings and that Mother had been stalking her. G.F. requested a no-contact order regarding Mother.

At the second post-permanency planning hearing, G.F. and Mother were present with their respective attorneys. Mother stated that she did not oppose G.F.'s no-contact request. The juvenile court continued the hearing to consider G.F.'s request. At the August 4, 2021, hearing, the court granted the request after finding that contact with Mother would be detrimental to G.F.'s best interests.

4

The juvenile court held a third post-permanency planning hearing on February 2, 2022. The court later granted G.F.'s modification petition seeking to transfer her educational rights to her court-appointed special advocate. DSS had filed a status report recommending that G.F. remain a dependent child. DSS reported that Mother had contacted it only once, by a brief telephone call. DSS expressed no opposition to G.F.'s request for transfer of her educational rights.

*Mother's May 2022 Modification Petition*

On May 17, 2022, Mother filed a section 388 modification petition, requesting court-ordered supervised phone calls or video chats with DSS discretion to evolve to unsupervised in-person visits. Mother also requested court-ordered family therapy between herself and G.F., noting that G.F. was soon attaining majority. Mother stated that she had secured housing and was employed as a respite worker with autistic children. The juvenile court denied the petition without a hearing, stating that Mother did not state new evidence or a change of circumstances and failed to show the proposed modification would promote G.F.'s best interests.

Mother appeals and contends that the juvenile court erred by denying her modification petition without an evidentiary hearing. Father is not a party to the appeal.

*DISCUSSION*

Mother argues that she established changed circumstances and that resumption of modest visitation would promote G.F.'s best interests. Mother points out that she obtained housing and employment and had observed the no-contact order following its issuance. She relies upon *In re J.M.* (2020) 50 Cal.App.5th 833 [juvenile court erred by denying modification petition concerning

5

infant where mother reformed, evidentiary hearing occurred, and infant's counsel joined in the petition] and *Serena M. v. Superior Court* (2020) 52 Cal.App.5th 659 [visitation is the most critical component of reunification services plan].

A petition to change or modify a juvenile court order pursuant to section 388 must factually allege that 1) there are changed circumstances or new evidence to justify the requested order, and 2) the requested order would serve the minor's best interests.  (§ 388, subds. (a) & (c).)  The petitioner bears the burden of proof on each issue by a preponderance of evidence.  (*In re Casey D.* (1999) 70 Cal.App.4th 38, 48, overruled on other grounds by *In re Caden C.* (2021) 11 Cal.5th 614. 636, fn. 5.)  The change of circumstances supporting the request must be material.  (*In re N.F.* (2021) 68 Cal.App.5th 112, 120-121.)

The juvenile court must liberally construe the petition in favor of sufficiency.  (Cal. Rules of Court, rule 5.570(a); *In re Marilyn H.* (1993) 5 Cal.4th 295, 309-310.)  Nonetheless, if the juvenile court finds that even so construed the petition fails to make a prima facie case as to either or both tests under section 388, the court may deny the petition without an evidentiary hearing.  (*In re Daniel F.* (2021) 64 Cal.App.5th 701, 711.)  In determining whether a petitioner has established a prima facie showing, we may consider the entire factual and procedural history of the case.  (*Ibid.*)  We review the denial of a section 388 petition for an abuse of discretion.  (*Ibid.*)

The juvenile court did not abuse its discretion by summarily denying Mother's modification petition.  Mother's alleged changed circumstances failed to explain the cessation or amelioration of her mood swings or stalking behaviors and how G.F. would benefit from visitation with her.  G.F. had requested

6

the no-contact order with the support of her therapist after she (G.F.) refused contact with Mother for several months. G.F. had stated that she did not feel safe with Mother due to Mother's mental health issues. It is laudable that Mother has obtained housing and employment, but those changes are not material to G.F.'s safety concerns regarding her relationship with Mother.

Unlike the circumstances in *In re J.M., supra,* 50 Cal.App.5th 833, G.F. is a now 17-year-old girl advocating for herself regarding a no-contact order with Mother. At the time of the most recent status report, DSS reported that G.F. still did not desire contact with Mother. *In re J.M.* concerned a mother's commendable reformation following termination of reunification services and the failure to reunify with her infant.

*Serena M. v. Superior Court, supra,* 52 Cal.App.5th 659, concerned a mother's appeal from the juvenile court's order terminating reunification services. There, the mother had no visitation during all 18 months of the dependency. On appeal, the reviewing court stated that visitation was the most critical component of a reunification services plan, but that the court could deny visitation where forced contact was harmful to the child. (*Id.* at p. 673.) Here, the court ordered the bypass of reunification services to Mother and Father. Moreover, Mother had supervised visits or the right thereto with G.F. for nearly two years of the dependency.

*DISPOSITION*

The order denying Mother's modification petition is affirmed.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P.J.


We concur:



YEGAN, J.



BALTODANO, J.

Linda D. Hurst, Judge

Superior Court County of San Luis Obispo

_____

Johanna R. Shargel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rita L. Neal, County Counsel, Ann C. Duggan, Deputy, for Plaintiff and Respondent.